[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff objects to acceptance of the report of an attorney trial referee based on the fact that in an earlier motion to correct, the plaintiff moved to include newly discovered post-trial information in the form of an affidavit and supplemental police report which were not available at the time of the trial. The plaintiff contends that Practice Book, Sec. 440 permits a party to file objections to the acceptance of a report on the ground that "there are other reasons why the report should not be accepted." This newly discovered evidence related to how a boat being transported fell off a boat trailer. The attorney trial referee, on January 20, filed a decision refusing to make further corrections to the report on the grounds that a Practice Book, Sec. 438 motion to correct was not the proper procedural vehicle to deal with a claim arising out of newly discovered evidence. Practice Book, Sec. 439 permits a party to file exceptions to the attorney trial referee's report which the plaintiff did here.
The purpose of Practice Book, Sec. 439 is to provide the moving party with a review of the trial referee's or committee's factual findings. Gargano v. Heyman, 203 Conn. 616, 619, 515 A.2d 1343 (1987). The power of the Superior Court to set aside a trial referee's findings is limited to three situations: (a) a fact found without evidence; (b) a failure to find a fact that is admitted or undisputed; or (c) a fact of doubtful meaning. Whewell v. Ives, 155 Conn. 602, 608-09, 236 A.2d 92 (1967).
None of these situations apply here. While newly discovered evidence under limited circumstances may warrant the grant of a petition for a new trial, no such petition or motion is before the court. Newly discovered evidence does not warrant sustaining an objection to the report of an attorney trial referee who did not hear such evidence.
The objection to acceptance of the report of the attorney trial referee is overruled. CT Page 3483
Judgment is ordered to enter in accordance with the report.
Flynn, J.